# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HELEN MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 20 C 2436 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| COOK COUNTY, ) | |
| DEPUTY STEVE VALENZA, and ) | |
| DEPUTY MILES COOPERMAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Hellen Miller brings a three-count complaint against defendants Deputy Steve Valenza, Deputy Miles Cooperman, and Cook County, based on alleged sexual harassment she experienced while working as a court reporter. Plaintiff alleges three claims: (1) an equal protection violation of her Fourteenth Amendment rights under 42 U.S.C. § 1983 against Deputy Valenza and Deputy Cooperman; (2) unlawful seizure, violating her Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 against Deputy Valenza and Deputy Cooperman;[1] and (3) an indemnification claim against Cook County. Defendants have moved to dismiss. (Doc. 25). For the reasons stated below, the motion is granted in part and denied in part.

---

[1] Plaintiff brings her unlawful seizure claim under both the Fourth and Fourteenth Amendments. To clarify, the Fourth Amendment prevents federal authorities from engaging in unreasonable searches and seizures, and the Fourteenth Amendment makes this requirement applicable to the states. See, e.g., Mapp v. Ohio, 367 U.S. 643, 655 (1961). An unreasonable seizure conducted by a state police officer is a constitutional violation of the Fourth Amendment as made applicable by the Fourteenth. See Baker v. McCollan, 443 U.S. 137, 142 (1979). Consequently, the court evaluates Count II only as a Fourth Amendment unreasonable seizure claim. See Molina v. Latronico, 430 F.Supp.3d 420, 433 (N.D. Ill. 2019) (dismissing duplicative Fourteenth Amendment count because unlawful seizure claims fall under the Fourth Amendment).

## **BACKGROUND**

Plaintiff alleges that, between 2013 and April 2018, she was subject to verbal and physical harassment while working as a court reporter at the Circuit Court of Cook County courthouse in Skokie, Illinois. According to plaintiff, whenever Deputy Valenza was near plaintiff in the Skokie courtrooms, he would make sexually explicit remarks about plaintiff's body, commenting on her appearance and making statements such as "I'm going to fuck you," "I'm going to fuck you until you can't walk," etc. Plaintiff alleges that these remarks terrified and humiliated her. In addition to the sexual comments, plaintiff alleges that Deputy Valenza would regularly block plaintiff in the hallways, often stretching his arms out and physically trapping her. Plaintiff claims that these comments and "physically menacing acts" occurred between one and five times per week. She further claims that Deputy Cooperman was often in the position to intervene and prevent Deputy Valenza's harassment but failed to do so.

Plaintiff alleges that the harassment culminated on April 27, 2018, when, in a courtroom, plaintiff saw Deputy Valenza leering and snickering at something behind plaintiff. Plaintiff turned around and saw Deputy Cooperman making a vulgar gesture suggestive of cunnilingus. Plaintiff alleges that she was "sandwiched" between the two men and felt trapped.

After the April 27, 2018, incident, plaintiff contacted the Sherriff's office and filed complaints against both defendants. Plaintiff alleges that she was too traumatized to work near Deputy Valenza and Deputy Cooperman, and she went on medical leave in June of 2018. Plaintiff was terminated for an alleged violation of the employee handbook shortly thereafter.[2] Plaintiff filed this lawsuit on April 20, 2020.

---

[2] The termination is the subject of a separate lawsuit against the Circuit Court of Cook County's administration, <u>Miller v. Office of the Chief Judge of the Circuit Court of Cook Cty.</u>, 19 C 4216.

# DISCUSSION

Defendants have moved to dismiss, arguing that plaintiff's claims are untimely, and that plaintiff fails to state a claim under Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiff. Bonnstetter v. City of Chicago, 811 F.3d 969, 973 (7th Cir. 2016). To state a viable claim, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## I. Statute of Limitations

Defendants argue that the entire complaint should be dismissed because they are barred by the statute of limitations. The court will first address the Section 1983 claims in Count I and Count II.

Section 1983 claims are governed by the forum state's personal injury statute of limitations. Ashafa v. City of Chi., 146 F.3d 459, 461 (7th Cir. 1998). Illinois personal injury actions are subject to a two-year statute of limitations. Savory v. Lyons, 496 F.3d 667, 672 (7th Cir. 2006). An exception to the two-year statute of limitations exists, however, for continuing violations in situations such as hostile work environment and sexual harassment cases. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002).

"Under the 'continuing tort' or 'continuing violation' rule, 'where a tort involves a continuing or repeated injury, the limitations period does not begin to run until the date of the last injury or the date the tortious acts cease.'" Cothron v. White Castle Sys. Inc., 477 F.Supp.3d 723, 729 (N.D. Ill. 2020) (quoting Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 770 N.E.2d 177 (2002)). The continuing violation doctrine does not apply when the unlawful acts are "a series of discrete acts, each of which is independently actionable, even if those acts

form an overall pattern of wrongdoing." Rodriguez v. Olin Employees Credit Union, 406 F.3d 434, 443 (7th Cir. 2005). "Sexual harassment claims may involve a series of discrete incidents that individually would not qualify as actionable claims but taken together form 'an actionable pattern of harassing behavior.'" Rosa v. Bd. of Trs. of the Univ. of Ill., 2020 WL 7319584, at *7 (N.D. Ill. Dec. 11, 2020) (quoting Garner v. Nat'l Railway Corp., 2019 WL 414711, at *3 (N.D. Ill. Feb. 1, 2019)). The violation at issue does not need to be continuous, only cumulative. Morgan, 536 U.S. at 115. In a sexual harassment claim, a plaintiff may therefore invoke an act in the time-barred period, as long as it relates to actions within the limitations period. Id. at 117.

Plaintiff's two Section 1983 claims are based on the sexual harassment plaintiff allegedly experienced over a five year period. These claims date back to 2013 and include allegations of sexual comments and physical intimidation that occurred one to five times per week until the end of April 2018. Plaintiff filed her suit on April 20, 2020. Under the two-year limitations period, most of the alleged conduct that occurred before April 20, 2018, would be barred as untimely. However, given the frequent occurrence of the alleged harassment by the same individual, involving similar comments and actions, the court finds that the complaint sufficiently alleges "an actionable pattern of harassing behavior." Garner, 2019 WL 414711, at *3. The continuing violation doctrine applies, and plaintiff's claim, at least at the pleading stage, includes incidents prior to the April 20, 2018, cutoff date.

Defendants next argue that the indemnification claim is also barred by the statute of limitations. Defendants claim that the applicable statute of limitations is one year from the date of the incident. 745 ILCS 10/8-101(a). Plaintiff counters (correctly) that the statute of limitations for an indemnification claim does not begin to accrue until a judgment has been entered against the municipality, not upon the date of the incident. See Am. Safety Cas. Ins. Co.

v. City of Waukegan, 776 F.Supp.2d 670, 709 (N.D. Ill. 2011).  Judgement has not yet been entered against Cook County.  Consequently, the court declines to dismiss the indemnification claim on statute of limitations grounds.

II.       **Failure to State a Claim**

    a. **Equal Protection Claim**

In Count I, plaintiff brings a class-of-one equal protection claim against Deputy Valenza and Deputy Cooperman based on the alleged sexual harassment.  She alleges that the deputies "intentionally, capriciously, and arbitrarily treated her differently from similarly situated persons, including court reporters and male personnel, in violation of her rights under the equal protection clause of the Fourteenth Amendment."  Plaintiff alternatively claims that she was discriminated against because she was a woman and there "was no rational basis or lawful justification for the discriminatory treatment."

Defendants move to dismiss Count I under Rule 12(b)(6), arguing that plaintiff fails to identify a group of similarly situated individuals.  However, the lack of a comparator does not doom plaintiff's complaint.  The Seventh Circuit has repeatedly confirmed that "[p]laintiffs alleging class-of-one equal protection claims do not need to identify specific examples of similarly situated persons in their complaints." Miller v. City of Monona, 784 F.3d 1113, 1120 (7th Cir. 2015) (citing Capra v. Cook Cnty. Bd. of Review, 733 F.3d 705, 717 (7th Cir. 2013)); see also Geinosky v. City of Chicago, 675 F.3d 743, 748 n.3 (7th Cir. 2012) ("Even in a case where a plaintiff would need to identify a similarly situated person to prove his case, … we see no basis for requiring the plaintiff to identify the person in the complaint.") (emphasis in original).

Here, plaintiff has sufficiently alleged a class-of-one equal protection claim. She need not identify similarly situated persons in her complaint; her general allegations are sufficient. Defendants' motion to dismiss Count I is denied.

### b. Fourth Amendment Claim

Plaintiff alleges that the deputy defendants violated the Fourth Amendment, enforceable through Section 1983, by "seizing" her at various points in time. The alleged seizures involve Deputy Valenza blocking plaintiff in the hallways by stretching his arms out, physically trapping plaintiff, and making lewd comments. Defendants argue that the Fourth Amendment does not apply in this context. The court agrees.

Defendants argue that the Fourth Amendment is an improper source of the claim, because Deputy Valenza interacted with plaintiff as a coworker rather than as part of an investigation or a police-citizen encounter. The courts of appeals have generally held that a plaintiff alleging sexual harassment has no claim under the Fourth Amendment where the conduct at issue did not occur in the course of "a criminal investigation or other form of government investigation or activity." Poe v. Leonard, 282 F.3d 123, 136 (2d Cir. 2002); see also Jones v. Wellham, 104 F.3d 620. 628 (4th Cir. 1997) ("Because the harm inflicted did not occur in the course of an attempted arrest or apprehension of one suspected of criminal conduct…the claim was not one of a Fourth Amendment violation."); Doe v. Luzerne Cty., 660 F.3d 169, 179 (3d Cir. 2011) ("Because [the officer] acted for personal reasons outside the scope of a governmental investigation, his actions do not implicate the Fourth Amendment.").

Here, plaintiff alleges that Deputy Valenza interacted with her as a coworker by, among other things, making lewd comments and gestures, and occasionally stopping her in the hallways. The alleged harassment did not occur during a criminal investigation or a police-citizen

encounter, and Deputy Valenza did not purport to act for a governmental or investigatory purpose. See Rosa v. Bd of Trs. of the Univ. of Ill., 2020 WL 7319584 (N.D. Ill. Dec. 11, 2020) (dismissing plaintiff's Fourth Amendment Section 1983 claim because the sexual harassment by the defendant police officer "took place independent of any government-authorized duty and served no governmental purpose"). Consequently, plaintiff has failed to state a valid claim for relief under the Fourth Amendment. Count II is dismissed.

### c. Indemnification

Finally, defendants move to dismiss the indemnification claim on two grounds: (1) because the court should dismiss the federal claims; and (2) because the alleged conduct was outside the scope of the deputies' employment. The court has declined to dismiss plaintiff's Fourteenth Amendment claim. Consequently, defendants' first argument is a nonstarter. For the second argument, in Doe v. City of Chicago, 360 F.3d 667, 672-73 (7th Cir. 2004), the Seventh Circuit warned district courts against determining indemnity prior to finding liability. There, the court recognized that determining a police officer's scope of employment is challenging and must be undertaken with all the facts at hand. Id. at 673. Following the Seventh Circuit's warning, this court will not decide the indemnity issue until a complete factual inquiry has taken place. See Rosa, 2020 WL 7319574, at *12 (declining to dismiss an indemnity claim in a sexual harassment suit against a police officer until after discovery).

## **CONCLUSION**

For the reasons stated above, defendants' motion to dismiss (Doc. 25) is granted in part and denied in part. The court dismisses Count II with prejudice. Defendants are directed to

answer Counts I and II on or before June 15, 2021. The parties are directed to file a status report using this court's form on or before June 23, 2021.

**ENTER:**

_____
**Robert W. Gettleman
United States District Judge**

**DATE: May 24, 2021**